UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHEILA MALLET ROBINSON, ET AL.　　　　CIVIL ACTION

VERSUS　　　　NO. 23-851-BAJ-RLB

STATE FARM FIRE AND CASUALTY
COMPANY

**ORDER**

Before the Court is Defendant's Motion to Compel Responses to Discovery. (R. Doc. 25). The deadline for filing an opposition has not expired. LR 7(f).

On August 25, 2023, Sheila Matte Robinson and Robby David Robison (collectively, "Plaintiffs") commenced this action to obtain recovery of insurance proceeds for property damage caused by Hurricane Ida on a policy issued by State Farm Fire and Casualty Company ("Defendant"). (R. Doc. 1).

On February 26, 2024, the Court issued a Scheduling Order setting the deadline to complete non-expert discovery on January 6, 2025. (R. Doc. 16).

Defendant served certain interrogatories and requests for production on November 12, 2024. (R. Doc. 25-1).

On February 6, 2025, one month after discovery closed, defense counsel set a discovery conference with respect to the outstanding discovery responses. (R. Doc. 25-3). Defense counsel represents that Plaintiffs were unavailable for the call, but later agreed to provide discovery responses by February 28, 2025. (R. Doc. 25 at 2; *see* R. Doc. 25-5).

On March 7, 2025, Defendant filed the instant Motion to Compel, which seeks an order compelling responses and awarding attorney's fees and costs. (R. Doc. 25).

Having reviewed the motion and its attachments, the Court will deny the instant Motion to Compel as untimely filed.

Local Rule 26(d)(1) provides that the parties may conduct unopposed discovery after the deadline, but that any discovery motion must be filed before the expiration of the discovery deadline:

> Unopposed discovery may continue after the applicable deadline for discovery contained in the scheduling order, provided that discovery does not delay other pretrial preparations or the trial setting. **Absent exceptional circumstances, no motions relating to discovery, including motions under Fed. R. Civ. P. 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within seven days after the discovery deadline and pertain to conduct during the final seven days of discovery.**

LR 26(d)(1) (emphasis added). The instant Motion to Compel was untimely filed on March 7, 2025, over two months after the close of non-expert discovery on January 6, 2025. Defendant provides no explanation for the untimely filing of the instant motion. Defendant does not explain why it waited over eight months after the issuance of the Scheduling Order to seek written discovery responses and then, when none were timely received, did not seek to resolve the issue prior to the close of discovery. Indeed, Defendant did not even attempt to confer with Plaintiff's counsel by telephone until one month **after** the close of discovery.

"[I]f the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel. If he fails to do so, he acts at his own peril." *Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001). For the foregoing reasons, the Court will deny the instant Motion to Compel as untimely. *See* LR 26(d)(1); *see also Wells*, 203 F.R.D. 240, 241; *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 396-99 (N.D. Tex. 2006) (motion to compel was untimely filed wo weeks after the discovery deadline; motion should have been filed within

discovery deadline) (collecting cases); *see also Price v. Maryland Cas. Co.*, 561 F.2d 609, 611 (5th Cir. 1977) (denying motion to compel filed after the close of discovery where party had been "inexcusably dilatory in his efforts").

The record indicates that Plaintiff has agreed to provide discovery responses, despite the expiration of the deadline to complete discovery, as allowed pursuant to Local Rule 26(d)(1). **Plaintiff's counsel advised that he would provide the outstanding discovery responses and he is expected to comply with that agreement (R. Doc. 25-5) without further delay**. The parties are to meet and confer and seek to resolve their dispute regarding the agreed upon discovery without seeking further court intervention.

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Compel Responses to Discovery (R. Doc. 25) is **DENIED**. The deadlines in this action remain unchanged.

Signed in Baton Rouge, Louisiana, on March 12, 2025.

                                      **RICHARD L. BOURGEOIS, JR.**
                                      **UNITED STATES MAGISTRATE JUDGE**